RINEBOLD *v.* BRAY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIABILITY OF PRINCIPAL FOR INJURY TO SUBCONTRACTOR'S EMPLOYEE.

   Under workmen's compensation act (Comp. Laws Supp. 1922, § 5445), workman injured while employed in execution of work contracted to be done by his employer in carrying out work undertaken by third party may look to such third party, if operating under said act, for compensation, if his employer is not operating under the act; but said third party is not liable unless, at time of injury, workman was engaged in work undertaken by third party which was being performed, in part, by injured workman's employer.

2. SAME—PRINCIPAL NOT LIABLE UNLESS AT TIME OF INJURY WORKMAN ENGAGED IN WORK UNDERTAKEN BY HIS EMPLOYER FOR PRINCIPAL.

   Where plaintiff's employer, not operating under workmen's compensation act, was employed by third party, who was operating under the act, to haul pipe, and plaintiff, after rendering service to large truck disabled while hauling pipe, was injured while driving employer's small truck used to service the disabled truck, third party was not liable for compensation under the act (Comp. Laws Supp. 1922, § 5445), although plaintiff's employer had instructed him, after driving small truck to certain place, to board large truck, go with it to its destination, and help unload the pipe. NORTH, C. J., and FEAD and POTTER, JJ., dissenting.

Certiorari to Department of Labor and Industry. Submitted, June 11, 1929. (Docket No. 116, Calendar No. 34,283.) Decided December 3, 1929.

Vernon Rinebold presented his claim for compensation against Matthew, A. Bray, subcontractor, Crowley & Carr and American Employers' Insur-

---

As to whether independent contractors, subcontractors and their employees are employees within the meaning of workmen's compensation act, see annotation in L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206.

ance Company. From an order denying compensation, plaintiff brings certiorari. Affirmed.

*Perry J. Bigham* and *Thomas, Shields & Silsbee* (*Clayton F. Jennings,* of counsel), for plaintiff.

*Mason, Alexander, Ruttle, Cox & McCaslin,* for defendants.

Potter, J. *(dissenting).* Plaintiff was employed by Matthew A. Bray. Bray was engaged in the general cartage business. Bray was employed by defendants Crowley & Carr to haul pipe out of Saginaw to where Crowley & Carr were drilling oil wells. A load of pipe slipped off from one of Bray's trucks near Hemlock. Bray told plaintiff to go and help reload the truck. Plaintiff went in a Ford truck and assisted in reloading the pipe. After the pipe was reloaded, plaintiff and Charles Bray started for Saginaw, riding in the truck carrying the pipe. A tire on this truck blew out. It was necessary to get a new tire. Charles Bray called his brother, Matthew A. Bray. Matthew A. Bray drove out to the disabled truck and plaintiff took him to Saginaw to·get a new tire. Matthew A. Bray then went home after instructing plaintiff to put the tire on the disabled truck. Matthew A. Bray went home in the Ford truck plaintiff had come out in to help Charles Bray reload the pipe.' This left plaintiff with the truck that Matthew A. Bray came out in, and plaintiff was instructed by Matthew A. Bray to drive this truck to his father's place and then board the big truck and go to Phelon street in Saginaw and help unload the pipe. Plaintiff started with his truck toward Saginaw. The large truck was being driven a short distance behind him. A Chrysler coupé sideswiped the truck plaintiff

was driving and caused certain tools loaded thereon to be jarred off it onto a bridge. Plaintiff alighted from the truck to pick up the tools and place them back on the truck. Charles Bray pulled on ahead of him with the heavy truck, and then came back and assisted in picking up the tools. While plaintiff and Charles Bray were so engaged, a Ford truck came along and ran plaintiff down; broke his right leg between the ankle and knee, his left leg below the knee, fractured three ribs, and injured his back and right arm. He suffered a scalp wound and numerous cuts on his face and left hand.

Matthew A. Bray, plaintiff's employer, was not subject to the workmen's compensation act. Crowley & Carr were subject to the act and carried insurance in the American Employers' Insurance Company. Crowley & Carr knew of the accident while plaintiff was in the hospital and subscribed to a collection taken up for plaintiff. They filed no report of a compensable accident. Plaintiff filed an application for compensation, seeking to hold Crowley & Carr and the American Employers' Insurance Company, on the ground he was employed by Matthew A. Bray, a subcontractor of Crowley & Carr. The case was heard before a deputy commissioner and compensation allowed, but the findings of the deputy commissioner were reversed by the department of labor and industry and the claim disallowed, because when injured plaintiff was not engaged in the execution of any work for the principal contractor, Crowley & Carr, and plaintiff's claim was not filed within the time prescribed by law. Plaintiff brings certiorari to the department of labor and industry.

Plaintiff's claim was not filed within the time prescribed by law, but Crowley & Carr had notice and knowledge of the accident suffered by plaintiff within three months of its occurrence, and hence plaintiff is within the provisions of section 15, pt. 2, Act No. 10, Pub. Acts, 1912, First Ex. Sess., as amended by Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5445), which provides in part:

"That in all cases in which the employer has been given notice of the happening of the accident, or has notice or knowledge of the happening of said accident, within three months after the happening of the same, and fails, neglects or refuses to report said accident to the industrial accident board as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said accident shall have been filed with the industrial accident board.

The original scope of the workmen's compensation act has been extended. Section 10 (*a*), pt. 1, Act No. 10, Pub. Acts 1912, First Ex. Sess., as added by Act No. 173, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5430 [2]), provides:

"Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act and who does not become subject to this act prior to the date of the accidental injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable

to pay if that workman had been immediately employed by him; * * . * *Provided,* that the term 'contractor' shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract.''

The validity of this statute has been sustained. *Burt* v. *Munising Woodenware Co.,* 222 Mich. 699, and plaintiff is within the express terms thereof. The order of the commission should be reversed and that of the deputy commissioner reinstated.

NORTH, C. J., and FEAD, J., concurred with POTTER, J.

WIEST, J. I am not content with the opinion prepared by Mr. Justice POTTER.

Where any person, subject to the workmen's compensation law, contracts with another person, not under the compensation law, for the execution by such person of any work undertaken by the principal, he is liable to employees of such other person injured while employed in the execution of the work. There must be work undertaken by the principal and a contract by such a person for performance of part or all of such undertaking with one who is not under the compensation law and injury to an employee of the latter while employed in the execution of the work. Or, to state it conversely, the workman injured, while employed in the execution of the work contracted to be done by his employer in carrying out work undertaken by a third party, may look to such third party, if operating under the compensation act, for compensation, if his employer is not operating under the act. The purpose is to protect the employee by holding the contractor liable to respond to employees of a contractor under him.

Was the hauling of the pipe by Bray execution of any part of the work undertaken by Crowley & Carr? Crowley & Carr were putting down oil wells, and the pipe being hauled by Bray was to go into oil wells. This brings the case within the statute, for Bray was engaged in the execution of work undertaken by Crowley & Carr. The question, then, is whether plaintiff was injured while employed in the execution of work undertaken by Crowley & Carr. Plaintiff had rendered service to the Bray truck upon its trip in aid of the work undertaken by Crowley & Carr, but, at the time of injury, was performing an errand elsewhere for his employer and not in the execution of any part of the undertaking of Crowley & Carr. So, at the time of injury, plaintiff was not engaged in work undertaken by Crowley & Carr and being performed, in part, by Bray, his employer.

For this reason the holding of the department is affirmed.

CLARK, McDONALD, and SHARPE, JJ., concurred with WIEST, J. The late Justice FELLOWS took no part in this decision.