See also, D.C., 131 F.Supp. 478.

**Nick BUFFA, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION,**
**a Delaware corporation,**
**Defendant,**

and

**J. A. Utley Company, a corporation,**
**Third-Party Defendant.**

**No. 13624.**

United States District Court
E. D. Michigan, S. D.

June 20, 1956.

Leitson & Dean, Flint, Mich., James Montante, Detroit, Mich., for plaintiff.

Ward, Plunkett & Cooney, Detroit, Mich., for defendant.

Lacey, Jones & Doelle, Detroit, Mich., for third-party defendant.

FREEMAN, District Judge.

This is a motion by General Motors Corporation, defendant, to dismiss plaintiff's suit on the ground that the defendant is not "some person other than * * * the employer" within the meaning of section 15, Part III, of the Workmen's Compensation Act of Michigan, section 17.189, M.S.A., Comp.Laws Supp. 1954 Mich. § 413.15, against whom plaintiff can bring a common law action.

Plaintiff, a cement finisher employed by the J. A. Utley Company, third-party defendant in this case, alleges in his complaint that he sustained injuries in an accident caused by the negligent operation of an industrial truck by one of defendant's employees while plaintiff was engaged in the performance of his work as an employee of Utley on the premises of the Buick Motor Division of the defendant corporation in the City of Flint, Michigan. Utley, a construction firm, was then engaged in doing certain construction work on one of the Buick buildings known as Plant 94, pursuant to a contract between defendant and Utley. Defendant is a manufacturer of automobiles and other items and the contract did not involve any work undertaken by the defendant.

This motion involves the construction and application of sections 15 and 10, Part III, of the Workmen's Compensation Act of Michigan, sections 17.189 and 17.150, M.S.A., Comp.Laws 1948 Mich. §§ 411.10, 413.15, which sections insofar as pertinent are as follows:

"Sec. 15. Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. * * *" Section 17.-189, M.S.A.; Section 413.15, C.L. 1948, as amended.

"Sec. 10. Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act or who has not complied with the provisions of section 1 of part 4 and who does not become subject to this act or comply with the provisions of section 1 of part 4 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; * * *.

"Where the principal is liable to pay compensation under this section, he shall be entitled to be indemnified by the contractor or subcontractor as the case may be, but the employee shall not be entitled to recover at common law against the contractor for any damages arising from such injury if he takes compensation from such principal. The principal, in case he pays compensation to the employee of such con-

tractor, may recover the amount so paid in an action against such contractor." Section 17.150, M.S.A.; Section 411.10, C.L. 1948, as amended.

■ Both the defendant General Motors and Utley were subject to and had complied with required provisions of the Workmen's Compensation Act at the time of this accident. Defendant contends that plaintiff's exclusive remedy under the circumstances in this case is for compensation benefits under the Act and argues that, by virtue of section 10, defendant is a statutory employer of plaintiff within the meaning of that term as used in section 15 and, therefore, cannot be sued by plaintiff in a common law action. Section 10 makes the "principal" liable for compensation benefits only when the "contractor" is not subject to the Workmen's Compensation Act and when the contract between the "principal" and the "contractor" involves any work undertaken by the principal. Roman v. Delta Broadcasting Co., 334 Mich. 669, 55 N.W.2d 147. In the instant case, Utley was subject to the Workmen's Compensation Act and the contract did not involve any work undertaken by the defendant General Motors. It is therefore obvious that the defendant was not liable for payment of compensation to the plaintiff as an employee of Utley.

Therefore, the precise issue involved in this motion is whether a "principal" is, as to the employee of a "contractor" who is subject to and has complied with required provisions of the Workmen's Compensation Act under section 10 thereof, section 17.150, M.S.A., "some person other than * * * the employer" under section 15, section 17.189, M.S.A., who may be sued for common law negligence by such employee. This question appears to be one of first impression in Michigan.

Despite the fact that the defendant was not liable to the plaintiff for compensation in this case, nevertheless, defendant in effect argues that the mere designation of a "principal" as an "employer subject to the provisions of this act" in section 10, so as to impose a contingent liability for compensation to the immediate employee of a "contractor" under certain circumstances, gives said employer the status of a statutory employer of such an employee under section 15, so as to bar the right of said employee to enforce a common law action for negligence against such employer as a third-party tort-feasor, in accordance with the provisions of section 15.

Section 10 contains no expression of legislative intent to destroy an employee's common law right of action for negligence against a third person and merely creates a secondary liability for compensation benefits under the specific circumstances therein set forth. An employee's right to enforce a common law action against a third-party tort-feasor under section 15 is in no manner affected by the provisions of section 10.

■ The purpose of section 10 is to protect the employee of a contractor by holding the principal liable for compensation benefits to such an employee if the contractor is either not subject to or has not complied with the Act and if the contract involves the performance of some work undertaken by the principal. Rinebold v. Bray, 248 Mich. 321, 227 N.W. 712.

Section 10 expressly provides that if the employee takes compensation from the principal therein, he "shall not be entitled to recover at common law against the contractor." If the Legislature intended to abrogate the common law rights of the employee against the principal it would have so stated.

■ For these reasons, plaintiff's right to compensation is not his exclusive remedy in this case and the defendant remains "some person other than * * * the employer" subject to a common law action by the plaintiff under section 15, section 17.189, M.S.A.

Therefore, the motion to dismiss is denied and an appropriate order may be entered.