(No. 11140.—Reversed and remanded.)

THE BUTLER STREET FOUNDRY AND IRON COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed February 21, 1917.*

1. WORKMEN'S COMPENSATION—*principal contractor is liable if sub-contractor does not insure his liability under section 31 of the Workmen's Compensation act.* By section 31 of the Workmen's Compensation act it is the duty of the principal contractor to see to it that his sub-contractor insures his liability to pay the compensation provided by the act or become liable himself to pay such compensation for injuries to the sub-contractor's employees, and the word "require," as used in that section, is not complied with by a mere demand that the sub-contractor insure.

2. SAME—*under paragraph (a) of section 8 of the Workmen's Compensation act employer's liability for first aid and medical attention is limited to $200.* Under the provisions of paragraph (a) of section 8 of the Workmen's Compensation act the limit of the liability of an employer for necessary first aid, medical, surgical and hospital services is $200, and it is error for the circuit court to confirm an award of the Industrial Board for such services amounting to a greater sum.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

FYFFE, RYNER & DALE, for plaintiff in error.

JOHN J. PRIESTLEY, for defendant in error Minnie G. Willman.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a writ of error to review a judgment entered by the circuit court of Cook county confirming and approving a decision of the Industrial Board awarding compensation to the widow and administratrix of Frank Willman, Jr., deceased, against the Butler Street Foundry and Iron Company, plaintiff in error.

John Martin was a sub-contractor under plaintiff in error in the erection of structural ironwork on a building in

the city of Chicago. The deceased was in the employ of Martin, and on October 14, 1915, sustained an injury in the course of his employment which resulted in his death. At the time of the injury to the deceased Martin had not insured his liability under the Workmen's Compensation act. The widow, who is also administratrix of the estate of the deceased, filed a petition with the Industrial Board to be awarded compensation against Martin and the plaintiff in error. The board of arbitration awarded her $3500, payable in weekly installments of $11.54, $50 expended in first aid treatment and $183.33 for medical, surgical and hospital services, to be recovered against Martin and plaintiff in error. On petition for a review the Industrial Board approved the award. This decision was, in turn, approved by the circuit court of Cook county upon a writ of *certiorari.*

It was disclosed from the proof made that on different occasions plaintiff in error had directed Martin to take out insurance for the protection of his employees, and Martin had represented to it that such insurance would be carried. On October 13, 1915, the day before the deceased was injured, Martin secured $200 from plaintiff in error which he represented was for the purpose of providing for such insurance. This money was used by Martin for the purpose of paying off his men and no part of the sum was used to take out insurance. Plaintiff in error contends that in insisting and demanding that Martin insure his liability to pay compensation under the Workmen's Compensation act and in advancing money to him for that purpose it had required of him that he insure his liability to pay compensation, as was its duty under section 31 of the Workmen's Compensation act. Said section 31 is, in part, as follows: "Any person, firm or corporation, who undertakes to do or contracts with others to do, or have done for him, them or it, any work enumerated as extra-hazardous in paragraph (*b*), section 3, requiring employment of employees in, on or about the premises where he, they or it as prin-

cipal or principals, contract to do such work or any part thereof, and does not require of the person, firm or corporation undertaking to do such work for said principal or principals, that such person, firm or corporation undertaking to do such work shall insure his, their or its liability to pay the compensation provided in this act to his, their or its employees  *  *  *   shall be included in the term 'employer' and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this act."

It is the contention of the plaintiff in error that the word "require," as used in this section, is synonymous with the word "demand," and that plaintiff in error did all the act required of it when it demanded and insisted repeatedly that Martin take out insurance and when it advanced him the money with which to pay for the insurance. While it is undisputed that Martin represented to plaintiff in error when he secured the $200 on October 13 that he desired it for this purpose, it appears that the money was due him under his contract and was not advanced as the money of the plaintiff in error. The word "require," as used in this section, is not used in the sense contended for by plaintiff in error. By this section it becomes the duty of the principal contractor to see to it that his sub-contractor insures his liability to pay the compensation provided by the act or become liable himself to pay such compensation. Under the statute the principal contractor is made primarily liable for all injuries received by the employees of his sub-contractor, and he can only escape this liability by requiring his sub-contractor to insure his liability as provided by section 31. Knowing that he is thus liable unless he takes this precaution, the principal contractor must either see to it that the sub-contractor insures his liability or stand ready to pay any compensation that may be awarded on account of an injury to an employee of the sub-contractor. By making it a part of his contract with the sub-contractor the principal con-

tractor can require him to take out this insurance as easily and effectively as he can require him to perform any other provision of the contract between them. The statute contemplates an absolute requirement on the part of the principal contractor; and it is not complied with by a mere demand. The principal contractor can escape liability only in case his sub-contractor insures his liability as is provided by this section.

It is further contended that under the provisions of paragraph (*a*) of section 8 of the act the limit of the liability of an employer for necessary first aid, medical, surgical and hospital services is $200, and that the circuit court erred in confirming the award of the Industrial Board for an amount in excess of $200 for such services. Paragraph (*a*) of section 8 of the act is as follows: "The employer shall provide necessary first aid, medical, surgical and hospital services; also medical, surgical and hospital services for a period not longer than eight weeks, not to exceed, however, the amount of $200. The employee may elect to secure his own physician, surgeon or hospital services at his own expense." We are of the opinion that under a proper construction of this paragraph of section 8 the contention of the plaintiff in error is correct, and that the total amount which can be awarded for first aid, medical, surgical and hospital services is the sum of $200. The award of $233.33 for such services was in excess of the limitation prescribed in the statute and should have been approved and confirmed only in the sum of $200.

The judgment of the circuit court is reversed and the cause is remanded for such further proceedings as are consistent with the views herein expressed. The costs in this court will be assessed one-third to defendant in error and two-thirds to plaintiff in error.

*Reversed and remanded.*