BURT *v.* MUNISING WOODENWARE CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CONSTRUCTION OF STATUTE—LIABILITY OF PRINCIPAL FOR INJURY TO CONTRACTOR'S EMPLOYEE.

Where defendant woodenware company contracted for the repair of its boilers by a boiler company, and in the exe-

As to who are independent contractors, subcontractors, and employees within the meaning of workmen's compensation acts, see notes in L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206.

cution of this work plaintiff, an employee of the boiler company, received an injury resulting in the loss of an eye, defendant was liable for compensation therefor under Act No. 173, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5430 [2]), amending the workmen's compensation act, the language of the act making the principal liable "for the execution by or under the contractor of the whole or any part of any work undertaken by the principal," being broad enough to cover the instant case; the repair of its boilers being as much a part of defendant's business as to make woodenware.

2. CONSTITUTIONAL LAW—MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—VALIDITY.

An amendment to the workmen's compensation act (Act No. 173, Pub. Acts 1921) making a principal liable for compensation to an injured employee of a contractor or subcontractor doing work for the principal, *held*, germane to the title and not open to the objection that it violates section 21, Art. 5, of the Constitution, requiring that no law shall embrace more than one object which shall be expressed in its title.

Certiorari to Department of Labor and Industry. Submitted April 5, 1923. (Docket No. 36.) Decided June 4, 1923.

James Burt presented his claim for compensation against the Munising Woodenware Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Associated Employers Reciprocal, insurer, bring certiorari. Affirmed.

*Berg, Clancey & Randall,* for appellants.

*L. E. Garvin,* for appellee.

MOORE, J. This is a case brought to this court by writ of certiorari to the department of labor and industry to review the affirmance of an award to James Burt under the Michigan workmen's compensa-

tion act for the loss of an eye.   The Munising Woodenware Company is a corporation operating a factory at Munising, Michigan, for the manufacture of household utensils, butter dishes and veneers.   On October 31, 1921, a contract was entered into by the Munising Woodenware Company with the Lake Superior Boiler & Welding Works, a partnership, for the repair of the boiler.   On November 13, 1921, the Lake Superior Boiler & Welding Works sent the plaintiff, James Burt, and his brother, to Munising, Michigan, to repair the boiler.   On the following morning while the plaintiff was engaged in trimming the beading off the boiler tubes, a piece of the beading flew and struck him in the right eye, resulting in its loss.   The plaintiff made claim for his injury to both of the companies. Both denied liability.   A hearing was had of his claim against the Munising Woodenware Company and an award was made in his favor by Commissioner Gloster. A claim for review was made and heard before the full board, which made a finding as follows:

"It is the applicant's claim that after arriving at Munising, that one Florence, the respondent employer's chief engineer, took charge of the work and directed it.   He testified that Florence not only supervised the work on the boilers but instructed him when he should come to work, and when he should quit.

"We think the testimony brings this case under the rule laid down in *Arnett* v. *Hayes Wheel Co.,* 201 Mich. 67.

"The applicant's testimony indicates that the respondent Munising Woodenware Company, through its chief engineer, not only had the right to control the activities of the applicant but also exercised that right.

"If the applicant was not an employee of the Munising Woodenware Company he was certainly an employee of the Lake Superior Boiler & Welding Works.

"It is admitted by the respondents that the latter company had a contract with the Munising Woodenware Company and that the applicant was doing work

pursuant to that contract. We think this admission brings the parties under the amendment of 1921, and entitles the applicant to compensation from the respondents.

"Similar provisions are in the compensation laws of other States and the courts have sustained awards of compensation under them. See *Butler Street Foundry & Iron Co.* v. *Industrial Board,* 277 Ill. 70 (115 N. E. 122); *White* v. *George A. Fuller Co.,* 226 Mass. 1 (114 N. E. 829); *King's Case,* 220 Mass. 290 (107 N. E. 959)."

And the award of the commissioner was affirmed.

Counsel for the appellants say, we quote from the brief:

"As will appear later in this brief, it had been assumed by counsel for both sides, prior to the filing of the findings of the commission, that no question was involved in this case except the interpretation and the constitutionality of section 10 (*a*) of the workmen's compensation act as amended by Act No. 173 of the Public Acts of 1921 (Comp. Laws Supp. 1922, § 5430 [2]), which places liability upon principals for accident claims of the employees of independent contractors. It had not been contended by counsel for the applicant that James Burt was in fact an employee of the Munising Woodenware Company, their case being rested upon the theory that this company was the principal and the Lake Superior Boiler & Welding Works the independent contractor, but since nevertheless the department of labor and industry found as a fact that James Burt was an employee of the Munising Woodenware Company, this becomes the first question before the court.

"Thereafter follow the questions of whether first of all section 10 (*a*) of the workmen's compensation act, as amended, controls the facts in this case, and secondly, whether if that act does apply to these circumstances, it is constitutional."

Counsel for the appellee insists both questions were before the department of labor and industry, and that both were rightly decided. If either question was

rightly decided it would be unnecessary to decide the other. Because of the difference of opinion between counsel, above stated, we will take up the last of these questions first.

A reference to Act No. 173, Pub. Acts 1921, may be helpful. Section 10 (*a*) provides:

"Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act and who does not become subject to this act prior to the date of the accidental injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed: *Provided,* That the term 'contractor' shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract."

The contention of counsel for appellants is tersely stated as follows:

"Not only by implication but by its express terms, this statute is to apply to situations where the employer contracts with another 'for the execution by or under the contractor of the whole or any part of any work undertaken by the principal,' or, in other words, to situations where the contractor takes over a part of the very job of the principal. Unless the contractor in question has taken over some job which had been undertaken by the principal, or which

normally or naturally would have been done by the principal himself, unless it thus assumes a part of the very business of the principal, the statute is not to apply.    *    *    *

"In this case, however, the contract was not for the execution of any work undertaken by the Munising Woodenware Company.    That corporation was engaged in the manufacture of household utensils, butter dishes and veneers, and was at no time engaged in the business of manufacturing or repairing boilers. The very reason for the contract was that it had to do with a job which the Munising Woodenware Company could not and had not undertaken for itself."

The language of the statute "for the execution by or under the contractor of the whole or any part of any work undertaken by the principal" is very broad and very plain.    The Munising Woodenware Company could not successfully make woodenware with defective boilers.    It was just as much a part of its business to keep its boilers in repair as it was to make woodenware.    The language of the statute is broad enough to make it liable.

As to the second proposition of appellants.    We again quote from the brief of counsel:

"Briefly stated, this contention is that, whereas, the act by its title is declared to be one regulating the relations between employers and employees, it is sought by this amendment to widen the scope of the act so as to control the relations of employees with others who are not their employers, and to place upon others than employers the scale of liabilities imposed by the act.

"It is a fundamental principle of constitutional law that the title of an act must clearly state the purpose for which it is enacted, and that no section or subdivision of the act may embody terms which could not properly be said to come within the scope of that title. This general principle was for the State of Michigan enacted in our Constitution in section 21 of article 5, which declares:

" 'No law shall embrace more than one object, which shall be expressed in its title.' "

Counsel argue at length that the statutory provisions are not within the title of the act. This constitutional provision has been frequently construed by this court. Some of the cases may be found in the note on page 141, 1 Comp. Laws 1915.

Justice Steere, speaking for the court, discussed at length the constitutional question of what was necessary in the title of an act, in *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8.

The late Justice Stone, speaking for the court, .said:

"The courts in a long series of cases have enunciated the principle that the presumption is in favor of the constitutionality of a statute. This principle has been expressed in many different forms. It has been declared that in no doubtful case should the courts pronounce legislation to be contrary to the Constitution. It has been said that every intendment is in favor of its validity, and that it must be presumed to be constitutional unless its repugnancy to the Constitution clearly appears. See collection of authorities in 6 R. C. L. p. 97; *Rouse, Hazard & Co.* v. *Wayne Circuit Judge*, 104 Mich. 234, 239 (27 L. R. A. 577, 53 Am. St. Rep. 457) ; *Sears* v. *Cottrell*, 5 Mich. 251, 259. The clause of the Constitution here invoked has been repeatedly before this court. In *Kurtz* v. *People*, 33 Mich. 279, Justice Campbell, referring to this provision, said:

" 'It is a very wise and wholesome provision, intended to prevent legislators from being entrapped into the careless passage of bills and matters foreign to the ostensible purpose of the statute as entitled. But it is not designed to require the body of the bill to be a mere repetition of the title. Neither is it intended to prevent including in the bill such means as are reasonably adapted to secure the object indicated by the title.'

"See, also, the language of Judge Cooley in the seventh edition of Constitutional Limitations, page 205; also, *Connecticut Mut. Life Ins. Co.* v. *State*

*Treasurer*, 31 Mich. 6; *Mackin* v. *Detroit-Timkin Axle Co.*, *supra*." *People* v. *Gansley*, 191 Mich. 357.

We think the legislation was germane to the title.

The award of the department of labor and industry is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.