GIBBS v. MOTOR WHEEL CORPORATION.

1. WORKMEN'S COMPENSATION—NOTICE OF INJURY—EVIDENCE—TREATMENT.
   Employer's claim that it did not have timely notice of plaintiff's injury to lumbar region was not supported by testimony that within 30 days plaintiff had reported his pain, stating it was due to lifting wheels weighing 35 to 40 pounds and transferring them from chest-high chain conveyor to skid behind him 8 or 9 inches from the floor, was given heat, massage, and a sacroiliac belt, treated by defendant's plant physician, given emergency treatment in hospital and heat treatments by defendant's first aid and shortly thereafter found unable to work by defendant's plant physician (CL 1948, § 412.15).

2. SAME—NOTICE OF INJURY—REPORT—STATUTE OF LIMITATIONS.
   Workmen's compensation commission had jurisdiction to hear and adjust claim for injury to plaintiff on December 24, 1948, notwithstanding claim was not filed until February

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 380.
[1, 2] Requirement of workmen's compensation act as to notice of accident or injury. 78 ALR 1232; 92 ALR 505; 107 ALR 815.

17, 1950, where defendant had had prompt notice of the injury and gave plaintiff various treatments but failed to file a report of the injury as required by statute (CL 1948, § 412.15).

3. Same—Work to Which Public is Generally Exposed—Lifting Heavy Wheels.

Work requiring plaintiff employee to lift wheels weighing 35 to 40 pounds off a chest-high chain conveyor, turn them so as to empty water and turn around and place them on a skid 8 or 9 inches off the floor was entirely more than work to which the public is generally exposed, hence where it resulted in disability due to pain in the lumbar region he was entitled to workmen's compensation therefor.

Appeal from Workmen's Compensation Commission. Submitted April 18, 1952. (Docket No. 93, Calendar No. 45,286.) Decided June 2, 1952.

Bartlett D. Gibbs presented his claim against Motor Wheel Corporation, employer, for compensation for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*Warner & Hart,* for plaintiff.

*Ballard, Jennings, Bishop & Fraser (Edward K. Ellsworth,* of counsel), for defendant.

Boyles, J. Plaintiff filed with the workmen's compensation commission an application for compensation alleging that on December 24, 1948, he suffered an injury to his back while in the employ of the defendant. His work was lifting heavy wheels, weighing 35 to 40 pounds, from a chain conveyor about chest high and placing them on a skid behind him 8 or 9 inches from the floor. The wheels on the conveyor were from a washer in which the water was kept at 200 to 212 degrees and were handled by 2 men, about 6 wheels per minute. The operation required lifting them, then turning the wheels to empty

any water, then by turning the body depositing the wheels on the skid.

On January 3, 1949, plaintiff reported to defendant that he had pain in the lumbar region, stating it was due to lifting the wheels. He was given heat, massage, and a sacroiliac belt. Shortly afterward he was again treated by defendant's plant physician, on January 17th taken to Sparrow hospital for emergency treatment, given heat treatments by defendant's first aid on January 18th to 22d, inclusive, and on January 27th the plant physician found him unable to work because of his back. He was absent from work from late in January to August 1st.

On February 17, 1950, plaintiff filed the instant application with the workmen's compensation commission for hearing and adjustment of claim for personal injury. The application was heard in 2 contested hearings before a deputy, followed by an appeal to the commission by the defendant from an award of compensation by the deputy. On July 20, 1951, the commission entered an order affirming the award, and on leave granted the defendant appeals, raising 3 questions for reversal.

1. Appellant claims that it did not have notice of an injury arising out of plaintiff's employment within the time required by statute.* The claim is not supported by the facts. Defendant not only had notice as well as knowledge of plaintiff's injury, but it also promptly treated plaintiff for his disability. The facts are not at all comparable to *Amamotto v. J. Kozloff Fish Co.,* 317 Mich 641, on which appellant relies.

2. Appellant claims that the commission did not have jurisdiction to hear and adjust plaintiff's claim because it was not timely filed under the statute. Plaintiff suffered a compensable injury of which the

---

* CL 1948, § 412.15 (Stat Ann 1951 Cum Supp § 17.165).—RE-PORTER.

defendant had prompt notice and knowledge, yet the defendant failed to file a report of the same with the commission. The cause of plaintiff's absence from work from January 26 to August 1, 1949, due to his back injury was known to the defendant. The defendant's failure to file a report of the injury with the commission bars its attempted defense that the claim for compensation was filed too late. *Shaw* v. *General Motors Corporation,* 320 Mich 338.

3. Finally, appellant argues that plaintiff's disability results from an ordinary disease of life to which the public is generally exposed and consequently is not compensable. The facts take the case outside of and beyond such a claim. Plaintiff's work required rapid and repeated twisting of the body, lifting heavy objects, bending over and placing them near the floor level. This was entirely more than the work to which the public is generally exposed. It was so held in *Underwood* v. *National Motor Castings Division, Campbell, Wyant & Cannon Foundry Co.,* 329 Mich 273, and cases cited therein. See, also, *Fields* v. *G. M. Brass & Aluminum Foundry Co.,* 332 Mich 113.

Award affirmed.

North, C. J., and Dethmers, Carr, Bushnell, Sharpe, and Reid, JJ., concurred.

Butzel, J., did not sit.