ROMAN *v.* DELTA BROADCASTING COMPANY.

1. WORKMEN'S COMPENSATION—EMPLOYEES OF SUBCONTRACTOR.
    Workmen's compensation may not be recovered from a princi-
    pal contractor by a subcontractor's injured employee or his
    dependents unless the subcontractor was not subject to the
    workmen's compensation act (CL 1948, § 411.10).

2. SAME—RAZING BROADCASTING TOWER—INDEPENDENT CONTRACTOR.
    Defendant broadcasting company, not engaged in the business
    of razing radio towers, may not be subjected to payment
    of workmen's compensation for fatal injuries sustained by
    an employee of independent contractor engaged for job of
    razing such a tower for defendant, since it was not a part
    of the business of the defendant or work undertaken by it
    (CL 1948, § 411.10).

Appeal from Workmen's Compensation Commis-
sion.   Submitted June 24, 1952.   (Docket No. 78,
Calender No. 45,478.)   Decided October 6, 1952.

Valeda Roman and Gladys Shea, guardian of
James Roman, a minor, presented their claim for
compensation, arising from death of William Ro-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 361.
    Right of one, other than employer or his insurer, liable under
    compensation act, to indemnity or contribution from the em-
    ployer or his insurer.  66 ALR 1433.
    Right as between employer primarily responsible under work-
    men's compensation act and employer secondarily liable under
    that act (or their insurers) where injury was due to latter's
    negligence.  117 ALR 571.
    Workmen's Compensation:  Remedy  as  between  subcontractor
    and principal contractor (or independent contractor and con-
    tractee) in respect of compensated injury to employee of one
    due to negligence of other, where injured employee had no
    remedy apart from the act.  166 ALR 1221.

man, against Delta Broadcasting Company and Employers Mutual Liability Insurance Company. Award to defendants. Plaintiffs appeal. Affirmed.

*Ray Derham* and *L. J. Archambeau,* for plaintiffs.

*Burney C. Veum,* for defendants.

DETHMERS, J. Plaintiffs appeal from an award of the workmen's compensation commission denying compensation.

While there is support in the record for defendants' claim that plaintiffs' decedent and his brother, John, were partners engaged as independent contractors in doing for defendant broadcasting company, hereinafter called defendant, the job on which decedent was accidently injured and killed, nevertheless, after excluding matters equally within the knowledge of the deceased,[*] the commission made a finding of fact, supported by some competent evidence, that John entered into a contract with defendant to take down its radio tower for $200 and that he hired decedent to assist him in the work. The commission found that defendant had no right to and had exercised no control over decedent. Accordingly, it held: (1) That decedent was not the employee of defendant, but of his brother, John; (2) that John was an independent contractor rather than defendant's subcontractor; and, therefore, (3) that defendant was not liable for compensation.

Plaintiffs claim they are entitled to an award of compensation against defendant under the provisions of CL 1948, § 411.10 (Stat Ann 1950 Rev § 17.150). Although the commission did find that John was an independent contractor doing a job under contract for defendant, and that he hired dece-

---

[*] See CL 1948, § 617.65 (Stat Ann § 27.914).—REPORTER.

dent to assist him in the work, it did not find, nor is there any admission or showing in the record, that John was, at the time in question, not subject to the workmen's compensation act. This is a prerequisite to liability on defendant's part under the mentioned statutory provisions. Assuming, however, that John was not subject to the act, defendant's liability as principal under the mentioned act would depend on its having contracted with John, the contractor, "for the execution by or under the contractor of the whole or any part of. *any work undertaken by the principal."* Defendant was engaged in the broadcasting business. It was not in the business of and did not undertake the work of razing a radio tower. In that respect this case might be viewed as distinguishable from 2 cited by plaintiffs, namely *Nowacki* v. *Escanaba Manfg.* Co., 229 Mich 675; and *Aukstales* v. *Klotz,* 280 Mich 355, in which the work contracted to be done by the contractor might be considered to be part of the business of the principal and, hence, in the language of the statute, a part of the work undertaken by it. That distinction between (1) work which is part of the business of the principal and (2) work, contracted to be done for it, which is not part of its business and therefore not work undertaken by it, was clearly recognized in *Burt* v. *Munising Woodenware Co.,* 222 Mich 699; and *Rinebold* v. *Bray,* 248 Mich 321. The case of *Harris* v. *Fry & Kain,* 306 Mich 1, cited by plaintiffs, presents greater difficulty. There the work in which plaintiff was injured and which his employer had contracted to do for the principal was clearly not a part of the business of the principal nor work undertaken by it. Nevertheless, we permitted recovery against the principal under the statute here under consideration. It is to be noted, however, that the contentions raised in that case, as also in the *Nowacki* and *Aukstales Cases,* related to other subjects, with the result that

the mentioned distinction recognized in the *Burt* and *Rinebold Cases* was neither discussed nor considered. To the extent, therefore, that the *Harris Case,* or, for that matter, the *Nowacki* and *Aukstales Cases,* decided, without discussing or directly considering, that there is liability under the section of the statute in question on the part of a principal for injuries sustained in work contracted to be done for it but which is not part of its business and, hence, not work undertaken by it, we decline to follow them.

Affirmed, with costs to defendants.

BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.