## DeWitt *v.* GRAND RAPIDS FUEL COMPANY.

1. Workmen's Compensation—Principal's Liability for Injuries to Independent Contractor's Employees.

   The provision of the workmen's compensation act imposing liability upon a principal, subject to the act, for injuries or death of an employee of a contractor who is not subject to the act is designed for the protection of employees of possibly irresponsible contractors, since the principal has it within his power upon engagement of an independent contractor to require due protection for the latter's employees (CL 1948, § 411.10[a]).

2. Same—Principal's Liability for Injuries to Independent Contractor's Employee—Repairs Necessary to Principal's Business.

   The provision of the workmen's compensation act which imposes liability upon the principal who is subject to the act for injuries to an employee of an independent contractor who is not subject to the act extends coverage of the act to the employees of an independent contractor who is engaged in performing repairs that are shown to be necessary to continuity of the principal's business, if other essentials are present (CL 1948, § 411.10[a]).

---

### References for Points in Headnotes

[1–3, 5] 58 Am Jur, Workmen's Compensation § 139.

[1–3, 5] Liability of general or special employer for compensation to injured employee. 34 ALR 768, 776; construction and effect of specific provisions of workmen's compensation acts in relation to employees of independent contractors or subcontractors. 58 ALR 872, 105 ALR 581.

[2, 3] What work of independent contractor or subcontractor is so related to the trade, business, or occupation of principal employer as to satisfy the condition in that regard of provisions of workmen's compensation or unemployment compensation acts, which make the employer responsible to, or in respect of, employees of the contractor. 150 ALR 1214.

[4] 58 Am Jur, Workmen's Compensation § 409.

[5] 58 Am Jur, Workmen's Compensation §§ 376, 377.

[6] 58 Am Jur, Workmen's Compensation § 527.

3. Same—Coal Company—Repairs to Overhead Conveyor—Skilled Rigger.

> Coal company which stored its coal in bins or silos which were filled by overhead coal conveyors and which company was subject to the workmen's compensation act was liable to a skilled rigger, an employee of an independent contractor which had been engaged to make repairs to the conveyor, where the independent contractor was not subject to the act and the maintenance repairs were necessary to the continuance of the coal company's business (CL 1948, § 411.10[a]).

4. Same—Statute of Limitations—Notice—Report of Accident.

> The statute of limitations contained in the workmen's compensation act does not run against the claim of an injured employee until the employer who has notice or knowledge of the accident fails to file report thereof to the department (CL 1948, § 412.15).

5. Same—Report of Accident—Employee of Independent Contractor.

> A principal, subject to the workmen's compensation act, is the statutory employer of his independent contractor's employee, where such independent contractor is not subject to the act, and the principal is as much obligated to report an accident to such employee as is every employer with notice or knowledge of the happening of the accident (CL 1948, § 412.15).

6. Same—Order of Appeal Board—Supreme Court—Questions Reviewable.

> Question as to validity of workmen's compensation commission's opinion and order, because signed by only 2 of the 3 members of the commission who heard it, is not open to consideration by the Supreme Court, where the matter was not brought to the attention of the commission (CL 1948, §§ 408.1, 408.32, 413.3, 413.6, 413.11, 413.12, 413.16).

Appeal from Workmen's Compensation Commission. Submitted April 3, 1956. (Docket No. 7, Calendar 46,588.) Decided June 28, 1956.

Henry DeWitt presented his claim for compensation against Grand Rapids Fuel Company, Division of Webb Coal Company, for injuries sustained while performing services as a skilled rigger for claimant's employer, an independent contractor engaged

in servicing defendant's overhead coal conveyor. Award for plaintiff. Defendant appeals. Affirmed.

*Marcus, Kelman, Loria, McCroskey & Finucan* (*Jerry S. McCroskey,* of counsel), for plaintiff.

*Ford, Hinga & Schmiege* (*Frank F. Ford,* of counsel), for defendant.

Black, J. Plaintiff applied for and received an award of compensation on authority of section 10(a) of part 1 of the workmen's compensation law (CL 1948, § 411.10 [Stat Ann 1950 Rev § 17.150]). June 29, 1955 we granted the defendant self-insurer leave to appeal from such award.

Defendant is a retailer of coal. It stores the coal on its premises in carload lots. The cars are unloaded at a siding adjacent to several of defendant's coal storage silos. Loading and unloading of the silos was and is accomplished by defendant's overhead conveyor system.

Wear and tear from steady use requires that the conveyor system be serviced approximately every 6 months. Defendant does not do its own servicing and engages a skilled rigger for that purpose. On several occasions, including the one presently considered, Jacob DeWitt, an independently contracting rigger, had been engaged by defendant for aforesaid servicing purposes.

Plaintiff Henry DeWitt is Jacob's brother. He, like Jacob, was a skilled rigger. On the occasion we are to deal with he was an employee of Jacob and his work was controlled exclusively by Jacob. October 2, 1950, while the 2 were engaged in carrying out a servicing contract theretofore made by defendant with Jacob, Henry met with an accident from which he received injuries on which this claim for compensation is based. He had been drawn upward for

aforesaid servicing purposes by means of a winch to a point near the top of one of the silos and, when at a height of about 35 feet, the supporting cable gave way with result that Henry and the bucket on which he had been hoisted crashed to the ground below. Defendant's yard manager was promptly apprised of the accident. He called an ambulance, by means of which Henry was taken to a hospital. There is no question but that Henry was injured so seriously as to require hospitalization and confinement in his home for a period of more than 2 years.

It was duly established that defendant at the time of Henry's injury was operating as an employer subject to the compensation act and that Henry's brother Jacob was not. The commission found, on strength of supporting evidence, that Jacob was an independent contractor to and with defendant and that Henry was an employee of his brother at the time such injuries were sustained.

*First:* The initial question, fairly indicated above, is whether Henry is entitled to exact compensation from defendant under said section 10(a). Section 10(a) has remained in effect without amendment since 1943. It reads:

"Sec. 10. (a) Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act or who has not complied with the provisions of section 1 of part 4 and who does not become subject to this act or comply with the provisions of section 1 of part 4 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compen-

sation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed: Provided, That the term 'contractor' shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract." (CL 1948, § 411.10 [Stat Ann 1950 Rev § 17.150].)

Plaintiff relies on *Burt v. Munising Woodenware Company*, 222 Mich 699. Defendant relies on *Roman v. Delta Broadcasting Company*, 334 Mich 669. We hold that *Burt* controls and that *Roman* is distinguishable for the same reasons as were assigned to *Burt* in *Roman*.

Here it is affirmatively shown that Jacob at the time his brother's injuries were sustained was not subject to the workmen's compensation act. Here, too, it is affirmatively shown that defendant is engaged in the business of storing and retailing coal and that a necessary element of effective operation of that business is constant use and regular servicing of an overhead conveyor system. The latter was as much requisite to defendant's business operations as boiler inspection and repair became to the business operations of Munising Woodenware Company as shown in the *Burt Case*. A different question would be presented had it been shown that Grand Rapids Fuel Company engaged Jacob to raze its conveyor system with intent of abandoning use thereof, and this should make it plain that *Roman* undoubtedly would have come to different end if, instead of a

contract for razing of the radio tower, John Roman had contracted with Delta Broadcasting Company, say, to paint or repair that tower.

Our section 10(a) closely follows the English act.* Generally, enactments so taken from England's lead are designed toward protection of employees of possibly irresponsible contractors through imposition of final liability on the actor who has it within his power upon engagement of an independent contractor to determine the latter's responsibility and to insist that the latter provide due protection for his employees. Such statutes are aimed additionally at forestalling evasion of the burden of industrial injury by those who might be tempted to subdivide their regular operations among contractors and subcontractors for the purpose of relegating employees of the latter to the uncertainty of protection afforded by smaller employers, many of whom fail to carry compensation insurance. This, in substance, is Professor Larson's summary of the purpose of these "contractor-under" statutes. See 1 Larson, Workmen's Compensation Law, § 49, commencing at page 723.

Occasionally the full import of a given judicial opinion is seen best when the contention dealt with therein is searchingly probed, and I turn upon that thought to quotation of the precise polemics of *Munising Woodenware Company* as disclosed in the *Burt Case* (pp 703, 704):

"Unless the contractor in question has taken over some job which had been undertaken by the principal, or which normally or naturally would have been done by the principal himself, unless it thus assumes

---

* The leading case construing England's statute, from which, as noted above, our section 10(a) was taken, is *Skates* v. *Jones & Co.*, [1910] 2 KB 903 (103 LT 408, 3 BWCC 460). It was there held, by 3 concurring opinions, that the operation of the statute is not to be confined to cases where a contractor, who has contracted to do work for another, subcontracts with another to carry out a part of that work for him.

a part of the very business of the principal, the statute is not to apply.    *    *    *

"In this case, however, the contract was not for the execution of any work undertaken by the Munising Woodenware Company. That corporation was engaged in the manufacture of household utensils, butter dishes and veneers, and was at no time engaged in the business of manufacturing or repairing boilers. The very reason for the contract was that it had to do with a job which the Munising Woodenware Company could not and had not undertaken for itself."

It will be seen, on comparison of aforesaid alternative contentions with decision of the case, that we rejected in *Burt* a doctrine that section 10(a) is operative only when the work contracted to be done by the contractor is that "which normally or naturally would have been done by the principal himself." It will also be seen from such comparison that we did adopt, from a "very broad and very plain" statute, an equally broad and plain rule that repairs that are shown as necessary to continuity of the principal's business are, when contracted for by the principal, sufficient to engage that statute if other essentials are present.    Inapplicability of *Roman* to this case of DeWitt is, hence, apparent.

We have, here before us in Henry DeWitt's case, another and well-defined specimen of situations forming the target of section 10(a).    Grand Rapids Fuel Company, styled above "Division of Webb Coal Company," is a self-insurer of compensation under the workmen's compensation act.    Self-insurers usually are veteran employers of many.    Their education in the field of workmen's compensation is presumptively extended to the point of post-graduation with high honors, and we have more than presumptive right to charge this one with durable knowledge

of the broad and beneficent interpretation *Burt* placed on section 10(a) more than 30 years ago.

That this self-insuring defendant could and should have assured itself, on engagement of Jacob—the record shows that it previously and similarly dealt with him on regular occasions—that Jacob carried employee-protective insurance against the manifest hazards of overhead rigging, is a bit evident. That it did not do so is no reason why the worthy aims of section 10(a) should on its appeal be frustrated or whittled to tenuity at expense of this gravely-injured workman.

The rule of *Burt* should not be weakened or diluted, and I conclude discussion of the initially-presented question by translating into this case *Burt's* summary of that rule (p 704):

The language of the statute "for the execution by or under the contractor of the whole or any part of any work undertaken by the principal" is very broad and very plain. The Grand Rapids Fuel Company could not successfully store and sell coal by means of modern coal-conveying apparatus with that apparatus in defective condition. It was just as much a part of its business to keep its overhead coal conveyor in good repair as it was to make retail sales and deliveries of coal. The language of the statute is therefore broad enough to make it liable in this case.

*Second:* It is insisted that plaintiff failed to make claim for compensation either within the 6-month or 2-year periods allowed by statute (CL 1948, § 412.15 [Stat Ann 1950 Rev § 17.165]). We cannot sustain the defense in either view thereof.

As we have seen, defendant's yard manager received immediate notice of the fact and occurrence of plaintiff's said injury and thereupon called an ambulance for transportation of plaintiff to a hospital. He thereafter made a "friendly call" on plain-

tiff at the hospital. Despite such notice and knowledge defendant at no time filed a report of the accident with the department below. Its failure to report suspended running of each limitational period. The statute says precisely that by its concluding proviso and *Shaw* v. *General Motors Corporation,* 320 Mich 338; and *Gibbs* v. *Motor Wheel Corporation,* 333 Mich 617, rule accordingly.

We do not agree with defendant's apparent thought that the principal is not for the purposes of section 412.15 above the injured workmen's employer when said section 10(a) is operative. By force of section 10(a) he becomes the workman's "statutory employer" and is as much obligated to report when he has notice as is every employer when the latter receives "notice or knowledge of the happening of the accident."

*Third:* Defendant's final point is presented by its stated question No 7, as follows:

"Did the appeal board err as a matter of law in having this case presented on appeal and oral argument and considered by all 3 of the members of the appeal board but in disposing of this case by having the opinion and order of the appeal board signed by only 2 members of the appeal board, whereas the workmen's compensation law requires that the entire commission, now designated as the appeal board, shall hear the case as required by CL 1948, §§ 408.1, 408.32, 413.4, 413.6, 413.11, 413.12 and 413.16 (Stat Ann 1950 Rev and Stat Ann 1953 Cum Supp §§ 17.6 [1], 17.6[32], 17.176, 17.180, 17.185, 17.186, 17.190) and Rule No 10 of the rules of practice and procedure of the workmen's compensation commission which provides as follows:

" 'The commission will hear the case upon the record and such briefs as have been filed and make a decision upon the appeal.' "

· The question so posed was not brought to the attention of the commission and it is not open to consideration here (*McLean* v. *Eaton Manfg. Co.*, 286 Mich 285).

The award should be affirmed, with costs to plaintiff.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, KELLY, and CARR, JJ., concurred.

EDWARDS, J., took no part in the decision of this case.

