## WOODY v AMERICAN TANK COMPANY

1. WORKMEN'S COMPENSATION—FINDING OF REFEREE—APPEAL AND ERROR.

   An appeal by an injured employee from the finding of a hearing referee and the failure of the Workmen's Compensation Appeal Board to mention the issue in its *opinion* and the blanket affirmance of the referee in the appeal board's *order* leaves the legal conclusion of the referee before the Court of Appeals for review; remanding to the appeal board would serve no useful purpose because the *facts* relating to the legal issue could not be varied by resubmission.

2. WORKMEN'S COMPENSATION—FOREIGN EMPLOYER—LIABILITY.

   An out-of-state employer who came into Michigan and performed services under a contract in Michigan is liable directly to an employee who is injured in Michigan and the employee is entitled to all of the benefits of the Michigan Workmen's Compensation Act and the Michigan schedule of benefits (MCLA 414.2).

3. WORKMEN'S COMPENSATION—APPEAL BOARD—JURISDICTION.

   The Workmen's Compensation Appeal Board is a statutory body exercising specific legislatively delegated powers and it is without inherent judicial power and lacks the jurisdiction of a court of equity to pass upon an issue of equitable estoppel.

4. WORKMEN'S COMPENSATION—STATUTES—CONSTRUCTION.

   The broadest possible construction must be given by courts to effectuate the salutary objective of the Workmen's Compensation Act, but this power does not extend to reading the Michigan Workmen's Compensation Act provisions into policies re-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 523, 529, 530.
[2, 8] 58 Am Jur, Workmen's Compensation §§ 52, 53.
[3] 58 Am Jur, Workmen's Compensation §§ 71 *et seq.,* 399, 403.
[4] 58 Am Jur, Workmen's Compensation § 26 *et seq.*
[5, 6] 58 Am Jur, Workmen's Compensation §§ 49, 137–140.
[7] 58 Am Jur, Workmen's Compensation §§ 57, 139.

stricted to coverage as a matter of private contract between the carrier and the insured in the 49 other states.

5. WORKMEN'S COMPENSATION—MUNICIPAL CORPORATIONS—FOREIGN COMPANY—INADEQUATE INSURANCE COVERAGE.

A municipal corporation that engaged an out-of-state company that had inadequate Michigan workmen's compensation insurance coverage to perform services in Michigan is liable to an injured employee of the company for compensation, because the "contracting under" doctrine will protect the employee of an independent contractor and enforce his right against the principal when injured while engaged in any task which can be seen to be a part of· or necessary to the overall enterprise of the principal (MCLA 418.171).

6. WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTORS—ADEQUATE INSURANCE COVERAGE—BURDEN.

Every principal hiring an independent contractor has the burden to see that the selected contractor has clear, unquestioned, approved, and adequate workmen's compensation coverage; a mere "certificate of insurance" of the existence of a policy, inadequate or inapplicable, does not suffice.

7. WORKMEN'S COMPENSATION—CONTRACTOR—EMPLOYEE—EXCLUSIONS.

The section of the Workmen's Compensation Act which provides that a person employed by a contractor who has contracted with a county, city, township, village, school district or the state, through its representatives, shall not be considered an employee of the state or its enumerated units of government does not preclude an employee of a contractor hired by a governmental unit from workmen's compensation against the governmental unit and its insurance carrier where the contractor employer hired by and working for the governmental unit lacks adequate workmen's compensation insurance coverage (MCLA 411.7).

8. WORKMEN'S COMPENSATION—MUNICIPAL CORPORATIONS—FOREIGN EMPLOYER—ELECTION.

An employee injured in Michigan whose immediate employer is an out-of-state company whose workmen's compensation carrier follows Missouri's schedule of benefits which is much less beneficial than Michigan's schedule can proceed under the Michigan Workmen's Compensation Act and enforce liability against a municipal corporation and its workmen's compensa-

tion carrier for his right to the full Michigan schedule of benefits where the municipal corporation engaged a company that had inadequate Michigan insurance coverage to perform services in Michigan because the municipal corporation and its insurer are *concurrently* and not *consecutively* directly liable along with the immediate employer, and it is the option of the injured employee to proceed against the direct employer or the principal who engaged the independent contractor and its compensation insurer.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 June 6, 1973, at Grand Rapids. (Docket No. 15472.) Decided August 29, 1973. Leave to appeal denied, 391 Mich —.

Robert Woody presented his claim for workmen's compensation against American Tank Company, the City of Fremont, Citizens Mutual Insurance Company, and Pacific Employers Insurance Company. Compensation awarded. Defendants American Tank Company and Pacific Employers Insurance Company appeal by leave granted. Affirmed in part, reversed in part, and remanded with instructions.

*McCroskey, Libner, Van Leuven, Kortering, Cochrane & Brock,* for plaintiff.

*Landman, Hathaway, Latimer, Clink & Robb* (by *William M. Newman),* for defendant American Tank Company.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block),* for defendants City of Fremont and Citizens Mutual Insurance Company.

*Smith, Haughey, Rice, Roegge & Gould* (by *Lance R. Mather),* for defendant Pacific Employers Insurance Company.

Before: R. B. BURNS, P. J., and FITZGERALD and O'HARA,* JJ.

O'HARA, J. This is an appeal on leave granted to defendants American Tank Company and its workmen's compensation insurer, Pacific Employers Insurance Company.

One basic question presented is whether an insurance company, although admitted to do business in this state as well as in many other states, can limit its liability to the benefit schedule of a state to which a particular contract of insurance is made applicable.

The policy involved in this case reads as follows:

"Item 3. Coverage A of this policy applies to the workmen's compensation law and any occupational disease law of each of the following states: Missouri."

In addition to the above-stated question, several others have arisen by reason of the nature of the holding of the referee in the original hearing. They include the effect of the appeal by *plaintiff* to the Workmen's Compensation Appeal Board; the silence of the opinion of the board as to that issue; the effect of the *order* of the board as opposed to its *opinion;* the claimed estoppel of appellant Pacific Employers to deny its liability and the differing legal status if any as between appellant insurer Pacific and its insured American Tank Company. It may be an understatement to observe at the outset that the legal and procedural issues do not want for complexity.

The facts are not in dispute. The right of the injured employee to the benefits due him under

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the Michigan schedule of benefits vis-a-vis the Missouri schedule is not contested. The question is who is obligated to pay them. We do not suggest by the foregoing statement that liability is limited to just one of the parties litigant.

Robert Woody was grievously injured and suffered tragic residuals in an industrial accident that arose out of and in the course of his employment. He is totally and permanently disabled. If there were a category of injury greater than total and permanent disability he would qualify for it.

He was knocked from the ladder upon which he was working when a section of an old water tower owned by the City of Fremont was being disassembled by his employer American Tank. The employer had been engaged by the city to do the work. The City of Fremont is a Michigan municipal corporation. It carries workmen's compensation insurance afforded by Citizens Mutual Insurance Company.

Thus plaintiff is a resident of Missouri employed by a Missouri company which was performing services for a Michigan municipal corporation in this state. To the extent that it may be relevant, American Tank was covered by Pacific Employers under the Assigned Risk Plan of the State of Missouri.

It is the position of the Pacific Employers that its liability is limited to the benefits payable under the Missouri Compensation Act by reason of the clear unequivocal language of its contract with American Tank. Pacific further contends that if by its opinion and order the Michigan appeal board in legal effect held Pacific was estopped to assert its policy defense the board was without legal competence to do so, and that even if the board possessed such power it would not by the exercise thereof

extend the doctrine of estoppel to providing coverage that did not originally exist.

American Tank argues that under our statute[1] which accords to the injured workman the right to recover his scheduled benefits directly from his employer irrespective of any insurance, and also the right to enforce in his own name the liability of any insurance company, the finding of the appeal board that Pacific was "on the risk" was a finding of fact, and completely impervious to judicial review in this state. The authority for this limit upon judicial review is so well established we eschew needless supporting citations. That limitation, however, does not answer the question of whether the action of the board in finding Pacific on the risk was indeed a finding of fact or a conclusion of law. If the latter, obviously the legal conclusion is subject to judicial review.

The City of Fremont and its insurer Citizens are not engaged in any internecine warfare. They were represented before us by one counsel, and their position is set forth in a joint brief. First they challenge the right of plaintiff Woody to question the finding by the referee that the City of Fremont and its insurer are not "the employer or principal within the meaning of the Michigan Workmen's Compensation statute" because plaintiff did not cross appeal from the opinion and order of the appeal board. Plaintiff did appeal the referee's finding to the board, but did not pursue its appeal to this Court. The *opinion* of the board makes no mention of this appealed issue. The *order* simply states that "the decision of the hearing referee * * * is affirmed".

Plaintiff contends that though the board did not

---

[1] MCLA 414.2; MSA 17.196, has since been repealed. The current provision is MCLA 418.651; MSA 17.237(651).

use the term "estoppel" in its opinion the effect of its opinion and order affirming the referee did operate to estop Pacific from denying coverage of American Tank as to all benefits due plaintiff under the Michigan act. He further argues that the issue of estoppel is cognizable by the *bureau, i.e.,* the referee, even though the board did not point-blank answer the question. He vigorously supports the right of the board to read out of Pacific's policy the limitation to the Missouri benefit schedule. Finally, plaintiff contends that if the immediate employer American Tank is found not to be covered by Pacific Employers then the City of Fremont and its carrier Citizens are liable by reason of the following provision of our act:

Section 418.171 of the Workmen's Compensation Act (MSA 17.237[171], former Part I, § 10, MCLA 411.10; MSA 17.150) provides as follows:

"Sec. 171. (1) If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with any other person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and if compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed. A

contractor shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract."

With the battle lines thus drawn and various positions of the parties delineated, we will undertake to perform our limited role of judicial review. Before writing to each issue we consider properly before us, we commend all counsel upon the excellence of their briefs and their forceful oral presentation. When we do not, as we will not, attempt to discuss each cited case and distinguish or reconcile apparent conflicts we refrain only because we fear we might well add to what must be conceded is a murky area of law. We will follow specific precedent where we believe our Supreme Court has spoken unequivocally. We will, as obligated, reach our own conclusions of law where such precedent does not control or where precedent is in our view in conflict. In so doing we will restate and collate the statement of questions involved from the composite of parties' phraseology. They will not necessarily follow the order in which we set them forth earlier herein.

First, we uphold as a matter of law the status of plaintiff to challenge the finding of the hearing referee that the City of Fremont and its carrier Citizens are not an employer or principal within the meaning of our statute. We do this on no particular case precedent but for the very pragmatic reason that remanding to the appeal board would serve no useful purpose. We will assume that the appeal of plaintiff from the finding of the hearing referee, and the failure of the appeal board to mention the issue in its *opinion* and the blanket affirmance of the referee in the *order* leaves the legal conclusion of the referee before us

for review. It is manifest the *facts* relating to this legal issue could not be varied by resubmission. Thus, the *procedural* question of status we resolve in favor of plaintiff.

Now as to whether American Tank, apart and distinguished from Pacific Employers, is liable directly to plaintiff. Of course, it is. American came into Michigan and performed services under a contract here. One of its employees was injured. The employee was entitled to all of the benefits of the Michigan act and the Michigan schedule of benefits for the simple and irreducible reason that our act makes it liable directly to him ("the person entitled to such compensation * * * shall, irrespective of any insurance or other contract, have the right to recover the same directly from the employer"). MCLA 414.2; MSA 17.196.

As we noted with particularity earlier herein, the fact that American is directly liable to plaintiff does not carry with it the inevitable conclusion that no one else is. We mention it again here because it is relevant to our ultimate holding.

We turn now to Pacific Employers, the carrier for American Tank. Its varying positions in the litigation like quicksilver are difficult to catch and hold long enough to analyze. On March 7, 1968, it directed a letter to Michigan's Compensation Department, over the signature of the supervisor of its policyholders service, stating unequivocally:

"This is to advise that this company, through the Missouri Assigned Risk Pool, does provide a standard Workmen's Compensation policy for American Tank Company. However, this coverage is applicable to Missouri only. *There is no coverage for any other jurisdiction.* * * * We have notified the employer, American Tank Company, that, since our policy does not afford the employer coverage under Michigan law, *no appearance will be made on his behalf if and when this*

*Michigan claim comes up for hearing."* (Emphasis supplied.)

On April 5, 1968, by letter to Pacific, plaintiff's counsel (apparently made aware of this position indirectly; the record is unclear on the point) suggested that "it would seem that the retention of counsel to protect your interests might be a very wise step". Despite this thoughtful and altruistic action on plaintiff's counsel's part, neither Pacific nor its parent company, Insurance Company of North America, entered an appearance. This fact was also noted by the referee, after inquiring as to whether notice of the proceedings at Grand Rapids had been sent to North America. Thereupon, plaintiff's counsel (with an assist by counsel for the City of Fremont) stated on the record that "it [the notice and failure to appear presumably] raises estoppel". But plaintiff's counsel was careful to add "there is insurance here [by Pacific] despite estoppel".

Much time on oral argument and by brief was devoted to whether Pacific was estopped to deny coverage. It deserves more than passing notice that neither the referee nor the appeal board ever used the word "estoppel" in their respective findings, opinion or orders. We think it would be injudicious of us to write decisionally to a point that really is not before us by reason of any specific holding by the referee or the board that Pacific was estopped to deny coverage. Thus, it becomes unnecessary to dissect, quote and interpret a veritable avalanche of correspondence between Pacific and American Tank on the subject. However, to insulate the proceedings already long drawn out from an unnecessary remand to us should the Supreme Court review this matter and require us to pass upon the matter, we hold in

that event our position would be that the appeal board is a statutory body exercising specific legislatively delegated powers. It is without inherent judicial power. Specifically, we hold the board lacks the jurisdiction of a court of equity to pass upon this issue as between Pacific and American Tank. We rest this position upon *Michigan Mutual Liability Co v Baker,* 295 Mich 237; 294 NW 168 (1940). It is all said in one brief quotation in *Baker* from *Jones v St Joseph Iron Works,* 212 Mich 174, 178; 180 NW 374, 375 (1920):

"While the industrial accident board [the present Workmen's Compensation Appeal Board] performs quasi-judicial duties, it is not possessed of judicial power." *Baker, supra,* p 242; 294 NW p 170.

If American Tank and Pacific need to enter the ring in that controversy, equity, we are sure, will dispose of the matter.

Be that then as it may, the referee held Pacific "in" and the appeal board affirmed. In so doing, while they talked the language of estoppel, they rested their finding on the following language:

"The Workmen's Compensation Act of Michigan provides in Compiled Laws of Michigan 418.621:[2]

" 'Sec. 621. (1) Every contract for the insurance of the compensation provided in this act for or against liability therefore, shall be deemed to be made subject to the provisions of this act and provisions inconsistent with this act are void.'

\* \* \*

"[T]hus the limitation to benefits of Missouri is null and void and for the above reasons, the *order* of the referee is affirmed." (Emphasis supplied.)

To understand this holding all of the Bar not

---

[2] MSA 17.237(621).

party to the proceedings themselves should understand that Pacific, after its initial denial of coverage, did get into the act. It modified its position, and paid plaintiff all benefits due him up to the time of oral argument before us, *under the Missouri compensation act,* which is much less beneficial to plaintiff than those provided by the Michigan schedule.

We are urged by plaintiff that recent *Federoff v Ewing* and its appellate consolidated companion case *Shannon v Star Wrecking Co, Inc,* 386 Mich 474; 192 NW2d 242 (1971) controls and is totally dispositive. *Federoff* in this particular has not been judicially construed, and stands as the law for its own facts. To us then, its interpretation is of first impression.

The interpretation of *Federoff* contended for by plaintiff seems to imply that an insurance carrier admitted to do business in Michigan as well as in many other states cannot write a policy restricted to coverage in one or several other states as a matter of private contract which is sustainable as between the carrier and the insured. Plaintiff suggests that the unilateral act of the insured of engaging in work in Michigan, and the injury of a workman in this state, vitiates the restrictive condition in the policy.

We do not so read *Federoff.* Great is the power of the sovereignty. The broadest possible construction must be given by courts to effectuate the salutary objective of our act. We do not believe, however, that this power extends to reading the Michigan Workmen's Compensation Act provisions into the limited insurance contracts made in the 49 other states. A similar holding by the other sovereign states would be to make 50 different contracts for every workmen's compensation policy

issued. We do not believe that is what *Federoff,* fairly read, holds.

In the first place, *Federoff* was concerned with *enforcement* of benefits under a policy admittedly effective in Michigan. What the Supreme Court said, wisely and salutarily, is that an employee injured in Michigan, under a policy issued by an insurer which went into receivership, was not bound by the terms of a reinsurance contract between the defunct insurer and its reinsurer. In effect, said the Court, the injured employee is not to be required to go through the interminability of filing a claim in the receivership, and exhausting his remedy against the primary insurer. The Court said further, that since the reinsurer was admittedly on the risk, over and above payments by the defunct primary insurer, the exculpatory language in the reinsurance contract was void. What the Court struck down and rewrote in *Federoff* is the following proviso:

> "The actual payment in cash by the company [the defunct insurer] of any loss shall be a condition precedent to any recovery under this agreement, and subject to such condition."

The Court held the reinsurer directly liable. In short, *Federoff-Shannon* is inapposite.

Does this then mean that plaintiff Woody must be content with payments of the Missouri schedule which Pacific chose to make, meager as they are by Michigan standards?

Emphatically we answer "no". Neither must he, as his counsel suggested wryly, take over the business of and operate a tank disassembling company.

The City of Fremont at its peril and to its own detriment and that of its compensation insurer

engaged a company to perform services in Michigan that had inadequate, if any, Michigan insurance coverage. We reject the argument of Fremont and Citizens, that because the referee held that Fremont and its insurer are not the employer or principal within the meaning of the Michigan act, that is a finding of fact insulated completely from judicial review. We think it is clearly a question of statutory interpretation and thus just as clearly a question of law.

It has been and remains the law of Michigan that the "contracting under" doctrine will protect the employee of an independent contractor and enforce his rights against the principal when injured while engaged in any task which can be seen to be a part of or necessary to the overall enterprise of the principal. The City of Fremont chose to tear down a water tower which admittedly it owned, so it could more advantageously sell the realty on which it stood. It let the job out on bids. American Tank was selected from the bidders. It was the burden of Fremont, as it was and remains the burden of every principal hiring independent contractors, to see that the selected contractor has clear, unquestioned, approved, and adequate workmen's compensation coverage. We caution that a mere "certificate of insurance" of the existence of a policy, inadequate or inapplicable, does not suffice. See the litany of cases beginning with *Burt v Munising Woodenware Co,* 222 Mich 699; 193 NW 895 (1923), through and including cases on into 1959 (except *Roman v Delta Broadcasting Co,*[3] decided in 1952, which we do not attempt to explain, distinguish or reconcile except to say that the weight of Supreme Court precedent is all *contra).*

---

[3] 334 Mich 669; 55 NW2d 147 (1952).

But says Citizens, what of the following statutory proviso:

"A person employed by a contractor who has contracted with a county, city, township, village, school district or the state, through its representatives, shall not be considered an employee of the state, county, city, township, village or school district which made the contract, when such contractor is subject to this act." MCLA 411.7; MSA 17.147. See current provision in MCLA 418.161; MSA 17.237(161).

We think the city misreads the theory of plaintiff's case if it depends on the foregoing proviso. Plaintiff never contended he was an employee of Fremont. Clearly he asserted throughout that he was an employee of American Tank. However, we observe that if the proviso were to be read to exclude the enumerated units of government a most serious constitutional equal protection question would be raised.

So now we have American Tank liable to plaintiff because American was his immediate employer who came into Michigan, subjected itself to our act and its schedule of benefits.

We have Pacific Employers raising a valid policy coverage defense sustained by us to the degree that Pacific invoked it, namely a limitation to the Missouri benefit schedule. We also have Pacific estopped or not estopped to assert that defense as the case may be in a court of competent jurisdiction and thereby possibly liable to any one with status to assert the estoppel.

We have the City of Fremont and its insurer, whose positions before us are identical, liable to plaintiff because it engaged an independent contractor whose insurance coverage was inadequate to meet the Michigan compensation benefit schedule.

The question of first impression seems to be: where does this leave plaintiff as to enforcing his right to the full Michigan schedule of benefits?

Certainly he should not have to proceed, in some manner, against American directly. As his counsel with righteous indignation observed in oral argument, "Mrs. Woody and her dependent children are not interested in, even if competent, to operate a tank company".

Certainly plaintiff should not have to wait until American or some other party with status can enforce the asserted estoppel of Pacific to deny full coverage of American.

Thus, the query becomes, even though American Tank is the immediate employer, with the City of Fremont and Citizens liable directly to plaintiff only if the coverage by Pacific Employers is nonexistent or inadequate, can plaintiff proceed under our Workmen's Compensation Act and enforce liability against Fremont and Citizens directly?

We think that he can and moreover that he did. The caption of the stenographic record of proceedings before the referee is entitled, "Robert Woody, plaintiff vs. American Tank Company and [the] City of Fremont".

We think with or without *Federoff, supra,* but certainly strengthened by the *ratio decidendi* of that case, Fremont and Citizens are *concurrently* and not *consecutively* directly liable to plaintiff under our act. We see no reason in law or logic why this should not be so. The city owned the property and the tower on which it was located. It wanted to sell the realty and apparently according to the testimony would be better able to with the obsolete tower removed. Had it chosen to remove the tower itself the removal would have been an

insured risk, (except perhaps under inexplicable *Roman, supra,* fn 3). We think we do no injustice to Citizens. It insured the city and collected its computed premium therefor. Thus we conclude that since we have held Fremont and Citizens concurrently liable, we adopt the rule that under the facts of this case and in cases of identical factual situations, it becomes the option of the injured employee or his proper representative to proceed against the direct employer or the principal who engaged the independent contractor and its compensation insurer.

We reverse the legal conclusion of the referee that the City of Fremont and its carrier Citizens are not liable directly to plaintiff under our act. To the extent that the order of the appeal board *sub silentio* or expressly affirmed this legal conclusion we likewise reverse the appeal board. We remand the cause to the board with instructions to enter its order finding the City of Fremont and its insurer co-equally directly liable to plaintiff with American Tank for the full benefits due plaintiff under the Michigan Workmen's Compensation Act from the date of injury until further order of the board.

We reverse the appeal board in its legal conclusion that Pacific Employers is liable directly to plaintiff for benefits beyond those provided under the Missouri act.

We express no opinion as to the liability of Pacific Employers under the asserted estoppel theory and leave that issue to judicial determination in a court of competent jurisdiction at the instance of any party legally competent to assert that estoppel.

Against whomever plaintiff chooses to enforce his right to all Michigan scheduled benefits, that

party shall be credited with the payments thus far made to plaintiff by Pacific Employers.

All defendants entered upon the appeal. They appeared and argued before us. We deem them all defendants of record. Not one of them prevailed in full as to his or its asserted position. Plaintiff prevailed in full and may tax costs equally against all defendants.

The cause is remanded to the appeal board for entry of an order embodying the legal conclusions and results reached herein.

All concurred.